M. Scott, Administratrix, v. H. H. Rowland et al.

Delivered October 8, 1896.

1. Practice—Demand for Jury on Appearance Day.

The failure of a defendant to demand a jury on appearance day, where he afterwards when the case is called for trial and during the jury trial week makes such demand, does not forfeit his right to have a jury try the case.

2. Surety—Right to Contribution—Measure of Recovery.

Plaintiff, defendant and three others were sureties on a note providing for ten per cent interest and ten per cent attorney's fees in case of suit, and the maker having become insolvent plaintiff paid it at maturity, taking a transfer thereof, and brought suit against the defendant for his proportionate part of the amount paid, with interest at ten per cent and ten per cent attorney's fees. Held, that the payment of the note by plaintiff extinguished it, and he was entitled to recover of the defendant as for moneys advanced only his proportionate part of the amount paid, with interest at six per cent.

3. Same—Surrender of Collateral to Cosurety.

With the transfer of the note plaintiff took also a transfer of a collateral note executed by the insolvent maker of the first note, with defendant as surety thereon, and which had been deposited as collateral security. Held, that before plaintiff could recover he must surrender to defendant such collateral note, as otherwise defendant might be subjected to liability thereon as indorser at the suit of an innocent holder.

Error from the County Court of Smith. Tried below before Hon. B. B. Beaird.

*Lindsey & Butler*, for plaintiff in error.

*Whitaker & Bonner*, for defendant in error.

PLEASANTS, ASSOCIATE JUSTICE.—The Texas Iron Rolling Mill, for a valuable consideration, executed its note to the Tyler National Bank for the sum of $4000, payable sixty days after date, with interest at ten per cent per annum from maturity, and ten per cent attorney's fees in case of suit upon the note. The plaintiff and four others, including one W. C. Scott, guaranteed the payment of this note, and each of said guarantors deposited with the bank, as collateral, a registered coupon note executed to him by the Texas Iron Rolling Mill for the sum of $800. The plaintiff, H. H. Rowland, upon default in the payment of the note by the payor, paid the same with accrued interest thereon, and took from the payee, the Tyler Bank, a transfer of the note and the collaterals, and upon demand by him upon his joint guarantors, each, with the exception of the said W. C. Scott, paid his proportion of the said note, and plaintiff instituted suit against Scott and the other three guarantors, alleging the insolvency of the payor of the note and praying judgment against the defendants for the amount due him, and alleging that Scott's codefendants had each paid his proportion of the sum guaranteed by plaintiff and defendants, and asking that execution first issue against Scott.

The petition alleged that plaintiff had been compelled to employ an attorney to prosecute this suit, and that he contracted to pay him ten per cent of the judgment recovered by him, and he prayed judgment for one-fifth of the amount paid by him to the bank on the note guaranteed by plaintiff and defendants, with interest thereon at the rate of ten per cent per annum and ten per cent of the amount adjudged him, as attorney's fee.

By agreement between counsel for plaintiff and defendants, the defendant was excused from answering the suit of plaintiff within the time required by law, and, on appearance day, the cause was passed to a further day of the term. Counsel for Scott was not in attendance upon the court, and no jury was demanded on that day. On a later day of the term, and during the week in which the jury cases were being tried, the case was called up by counsel for plaintiff, and the defendant was required to file his answer, and he thereupon filed general and special exceptions, and answer to the petition, and demanded a jury, making at the same time a tender of the jury fee. The exceptions were overruled, and the demand for a jury refused by the court, to which defendant excepted; plaintiff announced ready for trial, and, the defendant refusing to announce, the court tried the cause without a jury, and rendered judgment for the plaintiff in accordance with the prayer of his petition, and the defendant Scott filed motion for new trial, which was refused, and he gave notice of appeal, but died before his appeal was

perfected, and the cause is brought here by his personal representative upon writ of error.

From the view we take of the case, it is necessary to notice but few of the assignments of error.

The twelfth assignment impugns the action of the court in refusing the appellant's demand for a jury with tender by him of the jury fee, and in trying the cause without a jury, over the objection of the appellant. From the bills of exceptions, it appears that, by agreement between counsel, the defendant was excused from filing his answer on appearance day, and was assured that no advantage would be taken of him for failure to file his answer within the time prescribed by law. It further appears from the bills of exceptions that the case was passed until called up by plaintiff, when the defendant was required to file his answer, and that at that time, the jury docket was being disposed of by the court; one jury was in their room considering of the verdict in a case which had been submitted to them, and another was in the box; and that, after defendant's plea, and exceptions had been heard and overruled by the court, the defendant demanded a jury and made due tender of the jury fee, and this demand, on the objection by plaintiff that it came too late, was refused by the court, and defendant excepted. The judge of the court, in the bill of exceptions filed by him, nowhere intimates that the plaintiff would have been prejudiced by complying with the defendant's demand; but justifies his action by reason of the failure of the defendant to demand a jury when the docket was called on appearance day to afford parties desiring a trial by jury an opportunity to demand such trial.

It has been held by our Supreme Court that the words of the statute, which declare that a jury must be demanded, and the jury fee paid on the first day of the term, are not strictly mandatory, and that a failure to make the payment on that day does not forfeit the right to a jury where such failure does not operate to the prejudice of the other party. Allen v. Plummer, 71 Texas, and cases cited therein. If the failure to pay the jury on the day named is not of itself a forfeiture of the right of trial by jury, neither is a failure to demand a jury on that day a forfeiture of such right, and we think the court erred in refusing the defendant's demand. It is not the intention of the statute to deny to any litigant the right of trial by jury, but to regulate the exercise of such right, for the purpose of facilitating the business and lessening the expense of the courts, and a litigant can only be deprived of such privilege when his delay in demanding a jury and tendering the jury fee will probably work injury to his adversary. In this case the plaintiff had assured the defendant he would not be prejudiced by failure to answer the petition by appearance day, and the plaintiff having failed to call up the case and require the defendant to defend the suit until the jury docket was called and jurors empaneled for the week, we cannot see that the defendant was in fault in not sooner demanding a jury, or

that the plaintiff would have been harmed had the court yielded to the defendant's demand.

The court, as we have seen, in accordance with the prayer of the petition, rendered judgment against the defendant for one-fifth of the $4000 note, the payment of which was guaranteed by plaintiff and defendants, with interest thereon at rate of ten per cent per annum, and for 10 per cent of that amount as attorney's fees. The defendant, by special exceptions to the petition, denied the right of plaintiff to recover these sums, and denied plaintiff's right to recover of defendant any other sum than that which was his contributive part of their joint obligation, and the overruling of these exceptions, and the rendering of judgment by the court for the several sums sued for, are assigned as error; and we are of the opinion, that this assignment must be sustained.

It seems now to be the law of this State, under the recent decision of Faires v. Cockerill, 88 Texas, when one of two or more cosureties pays a debt evidenced by a note, the note is extinguished, and the surety paying the debt has his right of action against the others upon the implied promise raised by law for reimbursement for any amount paid by him beyond his pro rata share of the debt. Applying this rule to the facts of this case, it is evident that the plaintiff should recover of defendant only one-fifth of the amount paid by him, with six per cent interest from the date of payment. Nor is the rule otherwise when the obligor paying the debt takes an assignment thereof from the payee. The plaintiff received from the bank, when he paid the note guaranteed by himself, the defendant Scott, and others, the notes deposited by the guarantors as collateral; and these notes he was entitled to, since the law subrogated him to the rights of any security held by the bank for the payment of the guaranteed note. But the plaintiff in his petition avers that the payor of these notes is insolvent, and hence the note endorsed and deposited by Scott is no longer any security for the payment of any part of the judgment plaintiff may recover in this suit; and, therefore, the plaintiff must deliver that note to Scott's representative before he can recover judgment against Scott's estate; otherwise, Scott's estate might be subjected to liability on Scott's endorsement of that note, at the suit of an innocent holder. The judgment of the lower court is reversed, and the cause remanded for a new trial in accordance with the law as announced in this opinion.

*Reversed and remanded.*