## M. J. P. LACEY v. J. D. O'REILLY.

Decided October 14, 1905.

**1.—Appellate Jurisdiction of Courts of Civil Appeals.**

In order to give a Court of Civil Appeals jurisdiction of a cause originating in a Justice Court it is necessary that the amount in controversy or the judgment of the County Court "shall exceed one hundred dollars, exclusive of interest and costs."

**2.—Same—Payment of Debt by Surety.**

At maturity a surety paid a promissory note; his right of action against the principal is not upon the note paid, but upon an implied promise raised by law for reimbursement to the extent of the amount in fact paid. Because the amount in fact paid did not exceed one hundred dollars the Court of Civil Appeals has no jurisdiction.

Appeal from the County Court of Tarrant. Tried below before Hon. R. F. Milam.

*McGown & Wade, W. J. Weaver* and *H. L. Stone,* for appellant.— The plaintiff should have had judgment against defendant because the evidence was undisputed that defendant owed the debt sued for and no limitation had run against same. Carpenter v. Minter, 72 Texas, 371; Heisch v. Adams, 81 Texas, 94.

The defendant could not prove limitation against the new promise, in the letter, which was declared on by plaintiff, without pleading same. Erskine v. Wilson, 20 Texas, 77.

The measure of plaintiff's recovery is the debt as evidenced by the note with interest and attorney's fees. Carpenter v. Minter, 72 Texas, 371; Heisch v. Adams, 81 Texas, 97.

*Orrick & Terrell,* for appellee.—Cited: Faires v. Cockerell, 88 Texas, 428; Merchants Nat. Bank v. McAnulty, 89 Texas, 124; Gathright v. Wheat, 70 Texas, 742.

CONNER, CHIEF JUSTICE.—On the 20th day of May, 1904, appellant instituted this suit against appellee in the Justice's Court of Precinct No. 1, Tarrant County, on a note for one hundred dollars ($100), dated September 6, 1899, due five months after date, stipulating for interest at the rate of ten percent per annum from maturity and "ten percent attorney's fees, if collected by law or placed for collection with an attorney." The note was payable to the First National Bank of Corsicana, Texas, and was given for money borrowed from said bank by the appellee O'Reilly, and for which appellant became surety. A few days before the maturity of the note, appellant wrote to the appellee proposing "that he (appellee) pay the debt of one hundred dollars evidenced by the above note, in monthly installments of five dollars." In answer to which, appellee wrote the following letter: "Ft. Worth, Texas, February 2, 1900. Mr. M. J. P. Lacy, Dear Sir: Your letter to hand and contents noted, in reply will say that I am very grateful to you for the terms you have allowed me to pay back the amount I owe you, and I will send you first payment on the 6th day of March, and just as much as I possibly can. Respectfully yours, J. D. O'Reilly." On February 6, 1900, the date of its maturity, appellant paid said note to the Corsicana bank, after which appellee on March 6 thereafter made one payment of five dollars in accordance with the terms indicated in appellant's proposition mentioned. Appellee having made no further payment, suit was instituted as has been before stated.

The trial in the Justice's Court resulted in a verdict for appellee. A like judgment was rendered in the County Court on appeal, and the

case is now before us on appellant's appeal from the judgment of the County Court.

In order to an exercise of our appellate jurisdiction in cases like this, it is necessary that the amount in controversy, or the judgment of the County Court, "shall exceed one hundred dollars, exclusive of interest and costs." (Sayles' Texas Civil Statutes, art. 996.) We think it apparent from the foregoing statement that we are without power to entertain this appeal. It is insisted in behalf of appellant that his right of action is founded upon the note above described, and that the letter mentioned takes the case out of the statute of limitation; the contention being that appellant is entitled to recover not only the amount of the principal and interest specified in the note, but also the attorney's fees, and that therefore the amount in controversy is in excess of one hundred dollars. It was held in the case of Faires v. Cockerell, 88 Texas, 428, and since reaffirmed by our Supreme Court, that the right of action of a surety who pays the debt of a principal upon a promissory note, is not upon the note paid, but upon an implied promise raised by law for reimbursement to the extent of the amount in fact paid by the surety. It is not contended that appellant paid either interest or attorney's fees at the time of the payment of the note in question to the bank. He could, therefore, in no event recover more than the one hundred dollars actually paid in liquidation of the note, together with legal interest thereon from the date of such payment. Appellee's letter can in no event be construed as being a promise to pay upon the terms therein stipulated more than the amount actually paid by appellant in liquidation of the note. So that, whether appellant's cause of action be based upon the promise to be implied from the law, or upon a contract as evidenced by the letter, is immaterial to the question before us. In either event, the amount in controversy is less than one hundred dollars.

*Dismissed.*