UNITED STATES FIDELITY & GUARANTY CO. v. HUFFMASTER. (No. 1967.)

(Court of Civil Appeals of Texas. Texarkana. May 2, 1918. Rehearing Denied May 9, 1918.)

ATTORNEY AND CLIENT ⬥═126(1)—FAILURE TO PAY OVER MONEY—MOTION FOR JUDGMENT.

A company which guaranteed that a lawyer would promptly turn over to the party entitled to receive them any moneys which he might recover and receive, on account of the lawyer's failure to pay over a collection to the collecting agency which placed the account in his hands or to the owner of the account, whereby it was cast in judgment on its guaranty, was not entitled to invoke against the lawyer Vernon's Sayles' Ann. Civ. St. 1914, art. 332, providing that each attorney who receives money for his client and refuses to pay it over on demand may be proceeded against by motion of the party injured or his attorney, since payment by the guarantor of the debt of his principal does not operate as an equitable assignment to the guarantor by the creditor of the debt and all its incidents, but in Texas an implied promise is raised by law on the part of the principal to reimburse the guarantor the sum he was bound to pay to satisfy the debt.

Appeal from District Court, Kaufman County; F. L. Hawkins, Judge.

Motion for judgment under Vernon's Sayles' Ann. Civ. St. 1914, art. 332, by the United States Fidelity & Guaranty Company against Ross Huffmaster. From judgment dismissing the proceeding, movant appeals. Affirmed.

Briefly stated, the allegations in appellant's motion were as follows: That in its business as a general guaranty company appellant guaranteed to its customers and the general public who might intrust business to appellee as a practicing lawyer that he "would promptly turn over to the party entitled to receive it any moneys that he as such practicing lawyer might recover and receive into his hands"; that about January 1, 1915, the F. Mayer Boot & Shoe Company placed a claim it had against "Jones, Incorporated," for $300 in the hands of the Snow-Church Company, a collecting agency, who, relying on appellant's guaranty of appellee, placed the claim in his hands for collection; that July 19, 1915, by agreement of the parties, judgment was rendered in favor of the boot and shoe company for $237.63 in a suit commenced and prosecuted by appellee as its attorney against said "Jones, Incorporated"; that October 15, 1915, appellee collected the amount then due, to wit, $243.13, on said judgment; that appellee "was in duty bound to turn over to said Snow-Church Company or to said F. Mayer Boot & Shoe Company" said $243.13, less $16.21 he was entitled to retain for his services in making the collection; that, though often requested to do so, appellee had never turned over said sum or any part thereof; and that because of his failure to do so appellant, in compliance with its guaranty, had had to pay the boot and shoe company the sum to wit, $226.92, appellee should have paid to it. "Wherefore" quoting from the pleading:

"This plaintiff brings this motion before the court and moves the court to render judgment against the said defendant, Ross Huffmaster, for the amount of $226.92, with legal interest thereon from October 15, 1915, up to the date of judgment herein, together with damages in the sum of 20 per cent. on the principal sum collected, to wit, $45.38 additional as damages provided for under article 332 of Vernon's Sayles' Texas Civil Statutes, and for costs of this motion."

The article of the statutes referred to is as follows:

"Each attorney who receives or collects money for his client, and refuses to pay over the same when demanded, may be proceeded against by motion of the party injured or his attorney before the district court of the county in which such attorney usually resides, or in which he resided when he collected or received the money; notice of which motion with a copy thereof shall be served on such party at least five days before the trial thereof; and, in case the motion be sustained, judgment shall be rendered against the defendant for the amount by him collected or received, with legal interest, and also not less than ten nor more than twenty per cent. damages on the principal sum."

After sustaining a general demurrer to the motion, appellant refusing to amend same, the court below dismissed the proceeding, on the ground that it was without jurisdiction thereof. The action of the court is assigned as error.

⬥═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Woods & Morrow, of Kaufman, and Lewis Inerrarity, of Baltimore, Md., for appellant. W. Dorsey Brown, Ross Huffmaster, and Terry & Brown, all of Kaufman, for appellee.

WILLSON, C. J. (after stating the facts as above). It will be noted that the power conferred upon the district court by the statute set out in the statement above to compel an attorney to pay over money collected for his client, summarily and without reference to the amount thereof, is to be exercised only when invoked "by motion of the party injured or his attorney." By "the party injured" the lawmakers must have meant the party entitled to demand and receive of the attorney the money collected by him, as such party alone could be injured by the refusal of the attorney to pay over the money. The party entitled to demand and receive money collected by an attorney for his client is the client or his legal representative or assign. In the instant case appellant was not appellee's client, nor was it the legal representative or assignee of that client. It follows that appellant was not entitled to invoke the statute, and that the court below did not err when he sustained the demurrer and dismissed the proceeding.

Appellant's contention to the contrary is on the theory that, by paying to the boot and shoe company, as it was bound to, the money appellee should have paid, it became subrogated to the rights and remedies, including the one to proceed by motion, possessed by the boot and shoe company against appellant. There would be merit in the contention if in this state, as in other jurisdictions payment by the guarantor of the debt of his principal operated "as an equitable assignment" to the guarantor by the creditor "of the debt and all its incidents." 37 Cyc. 412. In this state the right of action of the guarantor who has paid the debt of his principal is not predicated upon the doctrine of subrogation, but upon "an implied promise raised by law" on the part of the principal to reimburse the guarantor the sum he was bound to pay to satisfy the debt. Faires v. Cockerell, 88 Tex. 428, 31 S. W. 190, 639, 28 L. R. A. 528; Lacey v. O'Reilly, 40 Tex. Civ. App. 283, 89 S. W. 640; Whitaker v. Sanders, 52 S. W. 638; Halbert v. Paddleford, 33 S. W. 592; Scott v. Rowland, 14 Tex. Civ. App. 370, 37 S. W. 380.

There is no error in the judgment, and it is affirmed.