**WATSON et al. v. CLOUD et al. (No. 9373.)**

(Court of Civil Appeals of Texas. Ft. Worth. June 26, 1920. Rehearing Denied Oct. 16, 1920.)

**1. Jury ⚷25(6)—Party does not necessarily forfeit constitutional right by failing to apply in time.**

Rev. St. art. 5178 et seq., relative to application for jury trials, are not mandatory, and failure of a party to make application at the time prescribed does not forfeit his constitutional right to have trial by jury when such failure does not operate unreasonably to delay trial or prejudice the adverse party.

**2. Jury ⚷25(6)—Plaintiffs' application for jury trial, improperly denied, though not made on appearance day.**

In suit to cancel an oil lease, where, if plaintiffs' application for jury trial had been granted, the trial would not have been delayed, as a jury then in attendance on the court could have been used, and the rights of defendants would not have been prejudiced, the action of the trial court in denying plaintiffs trial by jury was erroneous, though the application was not made on the appearance day of the term as required by Rev. St. art. 5178.

**3. Evidence ⚷444(1)—Testimony of oil and gas lessors that instrument should be ineffective until completely executed, admissible.**

In suit to cancel an oil lease, wherein plaintiffs contended the lease never became operative on their respective interests because at the time of execution and delivery to a defendant it was understood that it was not to become effective and the consideration not to be paid until executed by all other heirs, testimony of two plaintiffs, mother and son, to such effect, *held* admissible.

**4. Mines and minerals ⚷58—Lease purporting to be by all heirs not binding on lessee where executed by two only.**

Where an oil and gas lease purported to be an agreement between a mother and all her children as lessors and the lessee on the other part for a total lump consideration, and did not purport to be a divisible contract whereby the lessee would acquire lease on the undivided interest of each lessor that might execute the instrument if the others did not, the lessee could have refused to be bound after lessors other than the mother and one son refused to execute it, and the mother and son on their part were not bound.

Appeal from District Court, Young County; Wm. N. Bonner, Judge.

Suit by Mrs. Nannie Cloud and others against Charles M. Watson and others. From a judgment for plaintiffs, defendants appeal. Reversed and remanded.

E. G. Senter, of Ft. Worth, Lafayette Fitzhugh, of Dallas, and Ocie Speer, of Ft. Worth, for appellants.

Arnold & Arnold, of Graham, and M. D. Brown, of Newcastle, for appellees.

DUNKLIN, J. Mrs. Nannie Cloud and her two sons instituted this suit against C. M. Watson, L. H. Fitzhugh, and J. D. Pantaze to cancel an oil lease on 1,400 acres of land situated in Young county, and from a judgment in favor of plaintiffs, defendants have appealed.

[1, 2] When the case was called for trial defendants demanded a trial by jury, and tendered the requisite jury fee. That demand was refused, because it had not been made on appearance day of the term. The demand was made September 16th, which was on Tuesday, and there then remained the balance of that week and the following week of the current term of the court. Attorneys for the defendants announced to the court that they had no objection to the granting of the plaintiffs' application for a trial by jury. It appears that when the plaintiffs applied for a jury trial there was a jury in attendance upon the court then considering another case, and that they returned a verdict in that case, and were finally discharged before the trial of the present suit was begun. By article 5178, it is provided that on call of the trial docket on the first day of the term of court applications for jury trials shall be then made, and that the same application shall be made upon the call of the appearance docket on appearance day of the term. But it is a well-settled rule of decisions of this state that those articles of the statutes are not mandatory, and that failure of a party to make such application at the times prescribed in those articles does not forfeit his constitutional right to have a trial by jury when such failure does not operate to unreasonably delay the trial or prejudice the rights of the opposite party. Allen v. Plummer, 71 Tex. 546, 9 S. W. 672; Scott v. Rowland, 14 Tex. Civ. App. 370, 37 S. W. 380; Kenedy v. First National Bank, 136 S. W. 558. Thus it affirmatively appears that if plaintiffs' application for a jury trial had been granted the trial would not have been delayed, that the jury then in attendance could have been used in the trial of the present suit, and that the rights of the defendants would not have been prejudiced; and, tested by the decisions above noted, the action of the court in denying plaintiffs a trial by jury was error, for which the judgment must be reversed and the cause remanded.

The lease contains this recital:

"This agreement made and entered into 9th day of December, 1918, by and between Mrs. N. A. Cloud (a widow), Mrs. N. A. Cloud, guardian for Tate Cloud, a minor, Jess Cloud, Mrs. Bessie Poer and her husband, Earnest Poer, Mrs. Mattie Eidson and her husband, Geo. Eidson, Mrs. Addie Buford and her husband, J. E. Buford, Mrs. Bulah Peacock and her husband, Ben Peacock, of Murray, hereinafter call-

ed lessor (whether one or more), and Chas. M. Watson, hereinafter called lessee."

The consideration recited was "$14,000 cash in hand paid, receipt of which is hereby acknowledged, and of the covenants and agreements hereinafter contained on the part of the lessee."

The married women named were the children of Mrs. Nannie Cloud and her deceased husband, and the property in controversy belonged to the community estate of Mrs. Cloud and her deceased husband, and all of the children therefore were interested in the land. The proof shows that the lease was signed "Nannie Cloud, Tate Cloud, minor, Jesse W. Cloud," and was duly acknowledged by them before a notary. After it was acknowledged, it was delivered to Chas. M. Watson, the lessee, who at the time of such delivery gave Mrs. Cloud a check for $100, which was never collected. None of the other children ever signed the lease, and no part of the balance of the consideration of $14,000 was ever paid by the lessee, although upon the trial he offered to pay the proportionate part of the consideration to which the signers of the lease would have been entitled upon a division of the entire consideration with the other heirs. That tender or offer was refused. Immediately after the delivery of the lease to Watson he was enjoined from recording the same in the deed records of the county, but later, and after that injunction was dissolved, he filed the same for record, and after doing so made a transfer of the lease to defendants Fitzhugh and Pantaze.

Mrs. Cloud and her two sons, who signed the lease with her, presented the contention that the lease never became operative upon their respective interests in the land by reason of the fact as alleged by them that at the time of the execution and delivery of the instrument to Chas. M. Watson it was understood and agreed by and between them and Watson that the instrument was not to become effective and the consideration was not to be paid until the instrument was executed by all the other heirs, and that it was delivered upon that condition and with that understanding.

[3, 4] Upon the trial, the testimony of Mrs. Cloud and Jesse M. Cloud was introduced to sustain that contention. Defendants objected to the testimony on the grounds, substantially, that the instrument was complete and unambiguous within itself and that its terms and legal effect could not be varied by parol testimony.

We are of the opinion that the court did not err in admitting such testimony. The instrument shows upon its face that it was to be complete only when all of the lessors executed it. It purported to be an agreement between Mrs. Nannie Cloud and all of her children on the one part and Chas. M. Watson on the other part for a total lump consideration of $14,000. It did not purport to be a divisible contract by the terms of which the lessee would acquire a lease upon the undivided interest of such lessors as might execute the instrument in the event the other owners of the land did not execute it. For that reason the lessee could have refused to be bound by the instrument after the other heirs refused to execute it. In 18 Corpus Juris, p. 211, the following is said:

"A delivery of a deed must be unconditional, unless it is in escrow. It is well settled that a deed cannot be delivered to the grantee in escrow upon a condition not expressed in the instrument, and if such a delivery is attempted, the deed will take effect regardless of the condition. To render this rule operative, however, it is essential that it shall be the intention of the grantor that the instrument shall become operative, without further act upon his part, upon performance of the condition, and it applies only to those deeds which are upon their face complete contracts requiring nothing but delivery to make them perfect, and does not apply to those which upon their face import that something besides delivery is necessary to be done in order to make them complete."

See, also, 2 Elliott on Contracts, § 1632, and 4 Elliott on Contracts, § 3398.

It will be unnecessary to discuss other assignments of error presented in appellants' brief.

Reversed and remanded.