**Norman S. STRANGE et al., Appellants,**

v.

**Jennie RUBIN, Appellee.**

**No. 17444.**

Court of Civil Appeals of Texas, Dallas.

May 29, 1970.

Rehearing Denied June 19, 1970.

J. L. Shook, Stephen H. Philbin, II, Locke, Purnell, Boren, Laney & Neely, Dallas, for appellants.

Stanley C. Simon, Grayson & Simon, Dallas, for appellee.

DIXON, Chief Justice.

This is an appeal by Norman S. Strange, Administrator with will attached of the Estate of Dave Rubin, deceased, from a judgment in favor of appellee Jennie Rubin, widow of Dave Rubin. Appellee was compelled to pay a debt for which she and the estate were jointly and severally liable. She seeks contribution from the estate for one-half the amount she was compelled to pay plus interest.

For the years 1961 and 1962 appellee and her husband filed joint United States income tax returns (Form 1040). Dave Rubin died November 3, 1963. Following somewhat extended negotiations Internal Revenue Service duly assessed tax deficiencies for 1961 of $16,918.93 and for 1962 of $45,615.15 plus interest as provided by Section 6601 of the Internal Revenue Code. Proof of claim for the above amounts and an additional amount of $5,748.94 for the year 1963 (for which year the decedent's estate filed a separate return) was filed in the Probate Court. The claim was accept-

ed and approved by Norman Strange, Administrator.

The claim was not paid by the Administrator. There was not money available in the estate to make payment immediately, though income was anticipated which would ultimately enable the Administrator to pay the claim in full.

However, Internal Revenue Service was unwilling to wait. By authority of the Internal Revenue Code the Revenue Service levied on appellee's bank account and stock brokerage account—her separate properties. The levy was for the entire deficiencies and 6 per cent interest from the due date of the returns to the date of the levy.

Thereafter appellee filed her claim with the Administrator, seeking contribution from the estate for its one-half of money she had been compelled to pay plus interest at 6 per cent from the date of the levy which was the date she was compelled to pay. The Probate Court was willing to approve the claim for one-half the amount of the taxes themselves but refused to allow (1) interest collected from appellee by Internal Revenue Service and also (2) to allow appellee interest from the date she was compelled to pay Internal Revenue Service.

Subsequently appellee filed this suit in the District Court. Following a trial before the court without a jury a judgment was rendered in favor of appellee which judgment included the following:

"1. $6,742.51, which should be paid from the decedent's and plaintiff's community property and $6,339.34, which should be paid from the decedent's separate property, a total of $13,081.85; but if there is a deficiency in either community or separate property, appropriate adjustment should be made so that ultimately the decedent and plaintiff each bear one-half of the assessed interest and lien fees totaling $19,421.19.

2. Interest at the rate of 6% per annum until paid on $6,381.70 from April 15, 1962, and on $15,224.29 from April 15, 1963, which should be paid from the decedent's and plaintiff's community property, and on $5,268.58 from April 15, 1962, on $15,195.23 from April 15, 1963, all of which should be paid from decedent's separate property, minus, of course, any interest described in paragraph 1; but if there is a deficiency in either community or separate property, appropriate adjustment should be made so that ultimately plaintiff recovers all the interest to which she is entitled."

*"Revised Stipulations."*

The parties entered into an agreement which they designated as "Revised Stipulations." We quote from them:

"The parties hereby stipulate as follows:

### I. GENERAL

This case will be tried by the Court without a jury on the basis of this stipulation. All issues not set forth in this stipulation, whether or not raised by the pleadings, are waived. Neither party will introduce any evidence. The essential facts in this case do not differ in any material respect from the facts stated in general terms in the introductory portion of the questions of law contained in Section II. * * *

### II. ISSUES

If:

(a) A husband and wife in good faith file a joint U. S. Individual Income Tax Return (Form 1040) thereby incurring joint and several liability for that year's income tax (including any deficiency later assessed by the Internal Revenue Service and 6% interest on such deficiency from the due date of the return until the deficiency is paid) under section 6013(d) (3) of the Internal Revenue Code, * * *

(c) After extended negotiations the differences between the taxpayers and

the Internal Revenue Service are settled on the basis of a deficiency * * * 6% interest as provided by section 6601 of the Internal Revenue Code,

(d) One-half of said deficiency and 6% interest is attributable to income and deductions from the husband's separate property and his half of the community property, and one-half of said deficiency and 6% interest is attributable to income and deductions from the wife's separate property and her half of the community property,

(e) The Internal Revenue Service files with the administrator a Proof of Claim of Internal Revenue Taxes (Form 2317) covering the entire deficiency, 6% interest accrued thereon from the due date of the return to the date of filing, and 6% interest accruing thereafter until paid; * * *

(f) Said claim is not paid by the administrator because of lack of money in hand, although the administrator has property which it is anticipated will produce money after certain secured claims are paid, and

(g) The Internal Revenue Service then levies on the wife's separate property for the entire deficiency and 6% interest accrued thereon from the due date of the return to the date of levy,

is the wife (who concededly is entitled to contribution from the administrator of one-half of the deficiency in tax) entitled to contribution from the administrator of:

(1) One-half of the assessed 6% interest (from the due date of the return until the date of levy) involuntarily paid by her?

(2) 6% interest on the husband's one-half of the deficiency from the date of involuntary payment until the administrator reimburses her for his one-half of the deficiency?"

*Conclusions of Law*

The trial court filed conclusions of law which included the following:

"This cause was heard on the 25th day of Sept. 1969, * * * on the basis of the above stipulation and the arguments of counsel. * * * the Court concludes as a matter of law that, * * * the wife (who concededly is entitled to contribution from the administrator of one-half of the deficiency in tax):

(1) IS entitled to contribution from the administrator of one-half of the assessed 6% interest (from the due date of the return until the date of levy) involuntarily paid by her.

(2) IS entitled to contribution from the administrator of 6% interest on the husband's one-half of the deficiency from the date of involuntary payment until the administrator reimburses her for his one-half of the deficiency."

## OPINION

This case is concerned only with the question of interest to which appellee contends she is entitled. Appellant has agreed that appellee is entitled to contribution from her husband's estate of one-half of the income tax deficiencies. But in two points of error appellant contends that the court erred (1) in holding that the Probate Court must approve a claim for one-half of a 6 per cent interest levy arising out of a deficiency on a joint tax return; and (2) in holding that the Probate Court must approve a claim of 6 per cent interest until the date of appellee's reimbursement by the decedent's estate on the value of one-half of a tax deficiency levied on complainant's property.

We have concluded that the court's judgment should be affirmed.

*In re Appellant's First Point*

■ In our opinion the interest which appellee was compelled to pay to Internal

Revenue Service must be considered part of the tax. Section 6601(f) (1) of the Internal Revenue Code so provides:

"*Interest Treated as Tax.*—Interest prescribed under this section on any tax shall be paid on notice and demand, and shall be assessed, collected, and paid in the same manner as taxes. Any reference in this title (except subchapter B of chapter 63, relating to deficiency procedures) to any tax imposed by this title shall be deemed also to refer to interest imposed by this section on such tax."

We also believe that our holding finds support in cases which we shall cite in connection with our discussion of appellant's second point. Appellant's first point is overruled.

### In re Appellant's Second Point

 It has long been the law in this State that one who involuntarily pays a joint debt in full is entitled to contribution from other joint debtors of their proportionate share of the joint debt *plus interest to the time the contribution is paid.* However the interest may not exceed 6 per cent if the payment in full has the effect of extinguishing the original debt.

Perhaps the leading case on the subject is Faires v. Cockrill, 88 Tex. 428, 31 S.W. 190, 194 (1895), 28 L.R.A. 528. In *Faires* our Supreme Court said "The amount of the payment made, *with legal interest,* is the measure of recovery." (Emphasis ours.) See also Merchants' Nat. Bank v. McAnulty, 89 Tex. 124, 33 S.W. 963, 965 (1896); Scott v. Rowland, 14 Tex.Civ.App. 370, 37 S.W. 380 (1896, no writ); Reed v. Sieckenius, 65 S.W. 487 (Tex.Civ.App., 1901, no writ); Schluter v. Sell, 194 S.W. 2d 125, 133 (Tex.Civ.App., Austin 1946, no writ); Poenisch v. Quarnstrom, 386 S.W.2d 594 (Tex.Civ.App., San Antonio 1965, writ ref'd n. r. e.); Wooley v. West, 391 S.W.2d 157 (Tex.Civ.App., Tyler 1965, writ ref'd n. r. e.); City of

Grand Prairie v. City of Irving, 441 S.W.2d 270 (Tex.Civ.App., Dallas 1969, no writ). Appellant's second point is overruled.

The judgment of the trial court is affirmed.