HEMMAN v. HEMMAN. (No. 1430.)

(Court of Civil Appeals of Texas. El Paso. April 19, 1923.)

1. Jury ⬥26—Refusal of jury trial for delay in payment of fee not authorized unless it would have interfered with docket, delayed, trial, or injured plaintiff.

Though jury fee was not paid until the day the case was called for trial, where demand for jury had been made in due time, and jury was in attendance and available, refusal was not warranted unless it would have interfered with orderly handling of docket, delayed the trial, or operated to plaintiff's injury.

2. Jury ⬥26—Refusal of jury trial because fee not paid until day case was called held error.

Refusal of demand duly made for jury trial because fee was not paid until the day the case was called held error where jury was in attendance, the court was in session all week, and there were only six other cases set for that week, and the trial in question was short.

3. Divorce ⬥308—Appointment of trustee to hold property for child's support and maintenance not error.

In suit for divorce, there was no error in appointing a trustee and placing in his hands property for support and maintenance of a child.

4. Divorce ⬥308—Appointment of trustee to hold property for child's support authorized, though not specially prayed for.

Where petition for divorce sought adjustment of property rights, it was court's duty, under Rev. St. art. 4634, to have due regard to rights of parties and of a child, and it therefore had power to appoint trustee, if necessary, to hold property for child's support, though not specially prayed for.

5. Trusts ⬥181(1)—Trustee authorized without express authority to reduce notes to possession, collect them, and employ counsel.

A trustee appointed in divorce suit to hold property in trust for support and maintenance of child would have authority to reduce notes to possession, collect them, institute necessary legal proceedings, and employ counsel without express instructions in the decree.

6. Divorce ⬥197—Allowance of attorney's fee to wife held proper.

In divorce suit by wife, the allowance of an attorney's fee to her by the decree in her favor was proper.

Appeal from District Court, El Paso County; P. R. Price, Judge.

Suit by Maud Wilson Hemman against Nelson Hemman. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Isaacks & Lattner, of El Paso, for appellant.

Turney, Burges, Culwell, Holliday & Pollard, of El Paso, for appellee.

HIGGINS, J. Appellee brought this suit for divorce upon the ground of cruel treatment, for custody of a daughter of the parties nine years old, and settlement of property rights.

Upon trial without a jury the divorce was granted and custody of the child awarded the appellee, subject to the father's right to see it at all proper times. Certain vendor's lien notes were set aside for the support and maintenance of the child until she became of age, married, or died. The City National Bank of El Paso was appointed trustee and directed to reduce said notes to possession, the same being adversely held by a third party, and administer the same in trust, the income to be devoted to the support and maintenance of the child, and upon the termination of the trust by the death, marriage, or majority of the child to pay to the appellee $5,000 of the principal to reimburse her separate estate for sums due by the community, and the balance of the trust estate to be divided equally between the plaintiff and defendant.

The appellant first complains of the court's refusal of his demand for a trial by jury.

The bill of exception taken to this action of the court discloses the following facts:

"When the case was called on appearance day of the term, the defendant made his demand for a jury in open court as required by law, but did not at that time pay the jury fee required by law. Thereafter the plaintiff had the case regularly set for trial on October 30th, as a nonjury case. On the morning of October 30th, and before court convened, the defendant paid to the clerk of the court his jury fee, and said cause was placed upon the jury docket. A jury for all of the district and county courts of El Paso county for the week beginning October 30th had been regularly drawn and were in attendance upon court, and when the case was called for trial there were in attendance in the courtroom more than 24 jurors of the regular panel for the week. Whereupon the

plaintiff objected to the case being tried before a jury, which objection the court sustained, and refused to permit the defendant the right of trial before a jury, although a jury regularly drawn was in attendance upon court and in the courtroom at the time, which jury was by the court discharged after the objection of plaintiff was sustained."

The court qualified the bill with this statement:

"That said cause was set by the bar committee for trial as a nonjury case on the 2d day of October, 1922, for the 30th and in pursuance with the custom the same day published as set for the 30th; that for many years the docket of this court has been set by a committee from the bar, the members of the bar meeting on Monday morning at 9 o'clock, a. m. when the docket is called for setting; a case is set by said committee for four weeks subsequent to its call for setting; that the first week of the term and the last week of the term have, by custom long acquiesced in, been set apart as nonjury weeks; that on Monday morning, October 30, 1922, there was in attendance on the Thirty-Fourth district court a panel of jurors, the judge thereof having called for that day, a special term; there existed an understanding between the judges of the Thirty-Fourth and Forty-First districts that after the jury requirements for the Thirty-Fourth were met a panel would be furnished to try, as a jury case, the cause of Peden v. Gonzales, a case involving attorney's fees; that for some reason the judge of the Thirty-Fourth district court did not try jury cases at the special term as contemplated, and ordered the jurors on Monday, October 30, 1922, to report to the Forty-First district court, which they did, and same were in attendance, as before indicated, at the time the trial by jury was denied as aforesaid; the Forty-First district court adjourned by operation of law on the 4th day of November, 1922; that set for trial on Monday, October 30, 1922, for that nonjury week, were the following cases, to wit: Rio Grande Mortgage Company v. Wheeler; this case, Hemman v. Hemman; Johnson v. Johnson; McDowell v. Jones; Porter v. Williams; Neill v. Rhea; Southern Surety Company v. El Paso Electric Railway Company; and Apodaca v. Pendell.

"That, had the jury fee been paid in this case, it could have been set as a jury case on any Monday subsequent to the payment of the fee for four weeks subsequent to the date of its setting.

"That prior to the setting of the case for trial as a nonjury case Mr. Lattner, of counsel for the defendant, was informed by counsel for the plaintiff that, if he desired a jury in this case, he should pay the jury fee, or otherwise counsel for the plaintiff would set same down for trial as a nonjury case."

[1, 2] The appellant was extremely dilatory in complying with the statutory provision relative to the payment of the jury fee, but this alone will not justify a refusal of the demand. The record discloses that a demand had been made for a jury in due time, and when the case was called for trial the fee had theretofore been paid, and a jury was in attendance and available for service. Under such circumstances, in order to warrant the refusal of the demand, it must be shown that to grant the same would have interfered with the orderly handling of the court's docket, delayed the trial of the case or in some way operated to the injury of plaintiff. Blair v. Paggi (Tex. Com. App.) 238 S. W. 639; Petri v. Bank, 84 Tex. 153, 19 S. W. 379.

There is nothing to suggest that the granting of the demand would have delayed the trial or in any way injured the appellee, and the only question which can arise is whether it would have interfered with the orderly disposition of the docket.

The court's qualification to the appellant's bill is lengthy, but nowhere is it stated that in the opinion of the court the granting of the demand would have interfered with the handling of the docket. It was Monday, and the court could and did remain in session the remainder of the week. The trial evidently did not consume much time as the only witnesses were the parties and the father of the plaintiff. Their testimony was not lengthy. There were only six more cases set for the entire week, subsequent to this case, and in this condition of the docket we are of the opinion that the court erred in refusing the defendant's demand for a jury. For this reason the judgment will be reversed.

In view of retrial our views upon the other questions presented will be briefly indicated.

The second and third assignments followed by proposition No. 2 assert that the evidence is insufficient to support the decree of divorce.

A divorce should not be granted except "upon full and satisfactory evidence." Article 4633, R. S. This court does not regard the evidence in this case with unqualified approval. But we are not prepared to hold that it is insufficient to support a decree based upon findings favorable to the plaintiff and approved by the trial court.

[3, 4] That portion of the decree relative to the property rights presents no error. The appointment of the trustee and placing the property in its hands was proper. Rice v. Rice, 21 Tex. 58; Fitts v. Fitts, 14 Tex. 443; Gulley v. Gulley, 111 Tex. 233, 231 S. W. 97, 15 A. L. R. 564; Hedtke v. Hedtke (Tex. Sup.) 248 S. W. 21; Pape v. Pape (Tex. Civ. App.) 35 S. W. 480.

It was not necessary that the right to the appointment of a trustee be specially pleaded and prayed for. The petition sought an adjustment of the property rights, and it was the duty of the court in making the division to have due regard for the rights of the parties and the child (article 4634, R. S.), and therefore had the power to ap-

point a trustee, if such was necessary, and place the property in its hands.

[5] The duty to reduce the notes to possession, to collect the same, and institute the necessary legal proceedings to recover the same from the adverse holder are duties which the trustee should perform regardless of the express instructions contained in the decree so to do. Likewise the trustee would possess the authority to employ counsel to prosecute the necessary proceedings.

[6] The allowance of an attorney's fee to the wife was also proper. McClelland v. McClelland (Tex. Civ. App.) 37 S. W. 359; Fasken v. Fasken, 252 S. W. ——,[1] recently decided by this court. The objection that there was no evidence of what would constitute a reasonable fee need not arise upon retrial. The court's order with reference to the custody of the child was proper.

Reversed and remanded.