## TILTON v. SHARP.
### No. 2684.

Court of Civil Appeals of Texas. El Paso.
July 14, 1932.

J. A. Keith, James F. Gray, and Goggans & Allison, all of Dallas, for appellant.

Matthaei, Hill & Mahon, of Dallas, for appellee.

PELPHREY, C. J.

This suit was instituted by appellee in the county court of Dallas County at law No. 2 to collect a note alleged to have been given by appellant to the Republic Mutual Life Insurance Company of Dallas, Tex., on May 21, 1930, and due four months thereafter.

The original petition was filed on January 19, 1931. Appellant on May 11, 1931, filed his amended answer consisting of a general demurrer, a general denial, special exceptions, a special answer, and cross-action.

The cause was tried to the court, and resulted in a judgment in favor of appellee for the amount of the note together with interest and attorney's fees.

Appellant presents three propositions upon which he seeks a reversal of the judgment, to wit: That the court erred in refusing him a trial by a jury; that appellee failed to establish that he was a holder of the note in due course; and that appellant was entitled to rescind the contract and to a cancellation of the note because of the fraudulent representations of the agent of the insurance company.

Bill of exceptions No. 1, reserved by appellant, reads:

"Be it remembered that the defendant acting therein by and through his attorneys of record demanded a jury at the time said case was called for trial but the same was refused by the court upon the ground that the same would impede the progress of the court in trying and disposing of subsequent cases previously set for trial upon the following day, and for the reason that a jury trial in this case would lengthen the trial of same, and therefore prevent the court from proceeding to try and dispose of cases regularly assigned for trial upon the day following the date upon which this case came on to be heard; and

"Be It Remembered further that the defendant acting therein by and through his attorneys performed everything requisite and necessary to obtaining a jury in this case, but said defendant's demand and request for a jury was overruled upon the grounds above stated, and upon the ground that said request for a jury at said time came too late, although the regular jury panel, out of which juries were selected by the County Courts, was available, and a jury could have been obtained by sending the bailiff down to the first floor of the court house in which this case was tried and obtaining from the Central Jury Room the number of jurors necessary for a case of this kind and character."

The trial judge qualified the bill thus:

"This case was called at 9:00 o'clock A. M. on the day this case was actually tried and plaintiff announced ready for trial but defendant made no announcement at the time but defendant's counsel after having been notified of said setting by plaintiff's counsel amended his pleadings and announced ready at 3:00 o'clock P. M., subject to the above demand for a jury and the court refused defendant a jury on the above grounds and further grounds that the court had been sitting idle since 9:00 o'clock A. M."

The right of trial by jury is a valuable one, and will not be denied a litigant, even though he has been dilatory in complying with the provisions of the statute (Rev. St. 1925, art. 2123 et seq.), unless the granting thereof will interfere with the orderly handling of the court's docket or in some way operate to the injury of the adverse party. Hemman v. Hemman (Tex. Civ. App.) 251 S. W. 313; Petri v. Lincoln Nat. Bank, 84 Tex. 153, 19 S. W. 379.

It appears in the bill of exceptions that appellant, through his attorneys, had "performed everything requisite and necessary to obtaining a jury in this case," and that a jury was available for the trial thereof.

We therefore have only the two questions as to whether the granting of the request would have interfered with the orderly handling of the court's docket or in some way operated to the injury of appellee.

It appears from the record here that only three witnesses were used in the trial, and that it was concluded the following day. It only being necessary to send to another part of the building to get the jury, we fail to see how any considerable delay in the trial would have resulted from granting the request, and how any injury would have resulted to appellee therefrom.

The term of court at which the case was being tried did not expire until the 30th of May; the court therefore having nineteen more days in which to dispose of its docket.

While the court refused the request for a jury on the ground that the granting thereof would "impede the progress of the court in trying and disposing of subsequent cases previously set for trial on the following day," because the trial of the case would be lengthened by a jury trial, yet nowhere does it appear that the court did not have during the remainder of its term sufficient time within which to dispose of its docket. We think it is a matter of common knowledge that courts are frequently delayed in disposing of subsequent cases by previous cases consuming more time in the trial than was anticipated by the court when the settings were made.

In view of the above facts, we have concluded that the court was not justified in refusing appellant's request for a jury.

Appellee, however, asserts that appellee having, by the uncontroverted evidence, proven himself a holder of the note in due course, the rights of appellant were not prejudiced by the court's refusal.

Without attempting to here detail the evidence on this point, we have concluded that it was sufficient to raise an issue of fact, and this would be true in spite of the fact that appellee testified that he was an innocent holder for value before maturity. 6 Tex. Juris. § 314; Pope v. Beauchamp, 110 Tex. 271, 219 S. W. 447; Wilson v. Denton, 82 Tex. 531, 18 S. W. 620, 27 Am. St. Rep. 908.

Because the trial court erred in refusing appellant's request for a jury, the judgment is reversed, and the cause remanded.