**James E. RICE, Jr., Appellant,**

v.

**Willie E. WATERS, individually and as next friend for Jeannine Fine, Appellee.**

**No. 10391.**

Court of Civil Appeals of Texas.

Austin.

May 2, 1956.

Rehearing Denied May 23, 1956.

Benjamin D. Lucas, G. Woodson Morris, San Antonio, for appellant.

Arnold & Taylor, Waco, Hart, Brown, Sparks & Erwin, Austin, for appellee.

GRAY, Justice.

On November 22, 1954, appellee, Willie E. Waters, individually and as next friend for Jeannine Fine, filed this suit against appellant, James E. Rice, Jr., for damages for personal injuries and for property damage resulting from the collision of automobiles in Bell County. On January 27, 1955, appellant filed his answer and cross action and sought to recover damages for personal injuries and for property damage.

The case was first set for trial for February 10, 1955, but was not then tried. It was then set for trial on March 14 and March 28 subject to the trial of other cases but was not tried on either of those dates. On April 1, 1955, there was a hearing before the court on a motion to quash subpoenas served on appellant and his wife to take their oral depositions. Attorneys for appellant and for appellee were present at this hearing and an agreement was made setting the case for trial on July 18, 1955.

The evidence is conflicting as to what was said by appellant's attorney at the hearing on April 1 relative to wanting a jury trial or placing the case on the jury docket. However a jury fee was not paid and no inquiry was made to the clerk as to whether a demand for a jury had been made or if a jury would be present on July 18.

The June, 1955, term of the court began on the 6th day of that month. Section 27 of Art. 199, Vernon's Ann.Civ.St.

On July 18, 1955, the case was called for trial and all parties announced ready. The cause was not on the jury docket and no jury panel was present. After the announcements of ready appellant's attorney told the court that he thought a jury would be present. He then paid the jury fee to the clerk and the cause was placed on the jury docket without any instructions from the court. However the court advised the attorneys that the cause would proceed to trial without a jury on the following day, the same having been postponed to July 19 to meet the convenience of one of the appellant's attorneys.

On the morning of July 19 appellant filed a motion praying that the trial "be postponed until a trial may be had before a jury." This motion was overruled after a hearing, the cause proceeded to trial before the court which resulted in a judgment for appellee for $500, interest and costs.

Appellant here complains that the trial court erred in overruling his motion for postponement and denying him a trial by jury.

There is no statement of facts of the trial on the merits before us but only of the facts heard at the hearing on appellant's motion.

The district court of Bell County is under the jury wheel system and the evidence shows that a considerable time would be required to secure the presence of a jury for the trial and that attorneys for appellee would not agree to a picked up jury.

Rule 216, Texas Rules of Civil Procedure, provides that an application for a trial by jury and the payment of a jury fee shall be made on or before appearance day, or if made thereafter then a reasonable time before the time the cause is set for trial on the jury docket but not less than ten days in advance of such time. Clearly the provisions of this rule were not complied with and the presumptions are in favor of the trial court's ruling unless the contrary is shown.

The trial judge stated into the record that the district is composed of three counties, Section 27 of Art. 199, supra; that the court has civil and criminal jurisdiction; that there was a heavy docket pending, and that he had advised appellant's attorney

"* * * that if this case were now postponed, that it would be several months before the Court could give it another setting. * * * my docket is now set, that is the first preferred settings that I can give is in late December at this time, and there are very few of those."

The facts here are similar to the facts before the court in Erback v. Donald, Tex.Civ.App., 170 S.W.2d 289, er. ref. w. m., and Continental Fire & Casualty Ins. Corp. v. Surber, Tex.Civ.App., 231 S.W.2d 750, wherein it was held that the trial court did not abuse his discretion in denying a jury trial. In any event the proof does not show that by granting the request there would not be an interference with the orderly handling of the court's docket, a delay in the trial of the case (at least four

months) or injury to appellants. Lebman v. Sullivan, Tex.Civ.App., 198 S.W.2d 280, er. ref., n. r. e.

The judgment of the trial court is affirmed.

Affirmed.