**B. W. WOOTEN, Appellant,**

v.

**DALLAS HUNTING & FISHING CLUB, INC., Appellee.**

No. 17080.

Court of Civil Appeals of Texas.

Dallas.

March 29, 1968.

Curtis E. Hill, Dallas, for appellant.

Duncan Boeckman, of Golden, Burrow, Potts & Boeckman, Dallas, for appellee.

PER CURIAM.

Dallas Hunting & Fishing Club, Inc. brought this action against B. W. Wooten asserting title and ownership of a private road between Dowdy Ferry Road, a public thoroughfare in the County of Dallas, and clubhouses and lakes located on approximately 1,000 acres of land owned by the club. It sought a temporary injunction and permanent injunction against Wooten, his agents, customers, patrons and invitees, enjoining their use of said private road as a way of ingress and egress to a 23-acre tract of land owned by Wooten and which adjoins the land owned by the club. Trial before the court resulted in a judgment being rendered for the permanent injunction requested.

Wooten appeals, contending in one point of error, that the trial court erred in trying the case and rendering judgment against him without a jury, thereby depriving him of due process of law under the Seventh and Fourteenth Amendments to the Constitution of the United States. The sole question for our consideration, therefore, is whether Wooten was entitled to a jury trial.

Appellant has not brought forward to this court a statement of facts nor do we find findings of fact or conclusions of law contained in the transcript before us.

In this state of the record there is a legal presumption that the evidence heard supports the judgment. Jennings v. Fredericks et al, 190 S.W.2d 707 (Tex.Civ.App., Galveston 1945, writ refused). The final judgment, signed and entered on August 4, 1967, recites that the case was set for trial on August 3, 1967 and that, though duly notified of such setting, defendant and his attorneys did not appear. The judgment further recites that: "* * * the Court being of the opinion that the demand for jury filed by the Defendant the day before the case was set for trial, to-wit, on August 2, 1967 was not valid, and the Plaintiff not having requested a jury, the Court proceeded to hear the matters in controversy, * * *."

■ Rule 216, Vernon's Texas Rules of Civil Procedure, provides that no jury trial shall be had in any civil suit, unless application be made therefor and unless a fee of five dollars if in the district court, and three dollars if in the county court, be deposited by the applicant with the clerk to the use of the county on or before appearance day or, if thereafter, a reasonable time before the date set for trial of the cause on the nonjury docket, but not less than ten days in advance. This rule is a reasonable and valid one and not, in our opinion, violative of any constitutional provisions. Trial without a jury in pursuance of the law and practice of the state is not incompatible with "due process of law" guaranteed by the Fourteenth Amendment of the United States Constitution. The Seventh Amendment to the Constitution of the United States does not apply to proceedings in the state courts. The expression "any Court of the United States" refers only to courts sitting under the authority of the national government and state courts are left to the regulation of state law. A trial by jury in a suit at common law in a state court is not a privilege or immunity attaching to national citizenship that the states are forbidden by the federal constitution to abridge. The right to trial by jury in Texas is not an absolute right in civil cases but is subject to certain procedural rules, one of which is the requirement that a jury fee shall be paid and that within a reasonable time as provided by the rule. 35 Tex.Jur.2d, Jury, § 17, p. 52; Aronoff v. Texas Turnpike Authority, 299 S.W.2d 342 (Tex.Civ.App., Dallas 1957).

■ In Aronoff v. Texas Turnpike Authority, supra, we held that Rule 216, T.R.C.P., is discretionary, rather than mandatory and that when the rule has not been complied with, a trial court's decision to grant or deny jury trial will not be reversed on appeal except on a showing of abuse of discretion. To the same effect was the opinion of the Fort Worth Court of Civil Appeals in Rice v. Waters, 290 S.W.2d 565 (Tex.Civ.App., Austin 1956).

■ We find no basis in this record for holding that the trial court abused its discretion in proceeding to try the case without a jury. The judgment reflects that, though notified, defendant and his attorneys did not appear at the time set for the hearing though he had paid a jury fee the day prior thereto. There is nothing in this record to indicate that a jury was available on the day of the trial. Erback v. Donald, 170 S.W.2d 289 (Tex.Civ.App., Fort Worth 1943, writ ref'd).

Finding no merit in appellant's contention the judgment of the trial court is

Affirmed.