William M. COLLINS, Appellant,

v.

Allen MILLER et ux., Appellees.

No. 11668.

Court of Civil Appeals of Texas.

Austin.

June 18, 1969.

Rehearing Denied July 16, 1969.

Kuykendall & Kuykendall, Kirk Kuykendall, Austin (on appeal only), for appellant.

Hooper & Robinson, Malcolm Robinson, Austin, for appellees.

O'QUINN, Justice.

Appellees brought this lawsuit against appellant to recover damages for fraudulent misrepresentation by appellant in the sale of a lot to appellees upon which they later built their home.

The appellees, Allen W. Miller and wife, sued Appellant William M. Collins as seller of the lot for damages and sued James R. Sneed to enjoin him from operating a welding shop on the lot next door to appellees. After trial before the court, judgment was entered awarding damages of $2,000 against Collins and denying injunctive relief against Sneed.

Collins has perfected his appeal, bringing twelve points of error. We overrule all points of error and affirm the judgment of the trial court.

The Millers bought a lot in 1961 from Collins by deed dated January 2, 1962. By early 1964 the Millers had constructed a home on the lot at a cost of $22,541.27. In June 1966 Collins sold an adjoining lot to Sneed, who in the summer of 1966 built and began operating a welding shop on the property. The Millers brought this suit in June 1967.

The Millers alleged and the trial court found that before 1961 the Millers and Collins were friends; that in 1961 Collins represented that the lot he later sold to the Millers was restricted so that nothing could be built on this lot and other lots on a plat except residences costing in excess of $20,-000; that Collins told the Millers he planned to build his own home on a lot next door to the Miller lot; and that the Millers relied on representations, but for which they would not have purchased the lot. The record shows that the Millers paid $2,000 for the lot. At the time of the sale there were in fact no restrictions on the use of the Miller lot or the lots adjacent to the Miller lot.

The Millers sought to recover damages based on the difference between present value of "Lot 2 * * * had it been as represented" and the "actual value of the property for residential purposes" at time of suit, the difference being $22,541.27, and sought exemplary damages in the sum

of $2,000. The Millers also pleaded generally they had been damaged in the sum of $22,541.27. The trial court awarded actual damages for $1,250 and exemplary damages for $750.

Appellant makes four principal contentions under twelve points of error.

Under points one and two appellant contends he was improperly denied a jury trial.

Demand for a jury trial was made September 16, 1968, and on the following day an order was entered directing that the cause be placed on the jury docket. At a call of the docket on September 19, a different judge, sitting in the same court, denied the demand for a jury, " * * * the Court having determined that such request was not timely filed * * *" The case went to trial, with a third judge sitting, on September 25 in accordance with a setting made, in conformity with rules of the Travis County district courts, at least thirty days prior to trial.

Appellant argues that the order for a jury, " * * * being signed by James R. Meyers, Judge * * *" was a valid order until set aside or vacated, and that the later order denying request for a jury " * * * signed by Tom Reavley, Judge Presiding * * *" which did " * * * not vacate, set aside or modify the preceding order for jury," constituted error as an abuse of discretion.

The case went to trial on September 25 before Judge Herman Jones, sitting in the same court, and final judgment was entered by Judge Jones the following day.

Appellant urges that when Judge Reavley at the call of the docket denied the request for a jury " * * * and Judge Jones entered the judgment reciting that a jury trial had been denied appellant, they violated an established rule," stated in 21 C.J.S. Courts § 501, p. 768.

The rule there stated is that " * * * it is generally considered that, in the same case, one judge may not review and over-rule the prior decisions, or vacate or modify the prior orders, of another judge of the same court or possessing equal and co-ordinate power and jurisdiction, where the other judge is available at the time of the application to set aside or change his order or decision."

In this State provision is made by the Constitution for district judges to hold court for each other. Constitution of Texas, Art. V, sec. 11, Vernon's Ann.St. Specific provision by statute is made for judges of the district courts of Travis County to hold court and act for the other judges. Art. 199 (53, 98, 126, 147, 167—Travis), Vernon's Ann.Civ.Sts. Any judge of a district court of Travis County may hear and determine any part of any case or proceeding pending in any of the district courts of the county, or may hear and determine any question in any case, and any judge may complete the hearing and render judgment in the case.

This cause was pending in the 126th District Court, presided over by Judge Meyers, and all proceedings were had without transfer of the cause to another court. The actions taken by the three judges in this case were not actions of separate judges in different courts but the several acts were as if performed by one judge presiding over the 126th District Court in the same case.

The first order placing the cause on the jury docket was interlocutory and subject to change on the court's own motion or motion of a party. 39 Tex.Jur.2d, Motions and Orders, sec. 16, and cases cited. When it was determined later that the request for a jury had not been timely filed, it was immaterial which judge entered the order denying a jury, provided at the time the order was made the judge making it was presiding in the court in which the case was pending.

We hold that the trial court did not abuse its discretion in refusing a jury trial. Appellant did not comply with Rule

216, Vernon's Ann.Rules Civ.Proc. The case had been pending more than a year, during which time it had been set for trial several times. Appellant did not file request for a jury until nine days before the cause was set to go to trial in September 1968. Appellees had no notice that a jury had been demanded until call of the docket on Thursday preceding the week of trial. The right to trial by jury in civil cases in Texas is not an absolute right. It is subject to procedural rules as found in Rule 216. Wooten v. Dallas Hunting and Fishing Club, Inc., 427 S.W.2d 344 (Tex.Civ. App., Dallas, 1968, no writ).

Under points three through ten, appellant urges that the trial court used a wrong measure of damages in awarding recovery to appellees.

■ Appellant argues that appellees failed to plead a proper measure of damages under Article 4004, Vernon's Ann.Civ.Sts., and did not prove damages to permit recovery at common law.

Failure of a case to come within the provisions of Article 4004 will not prevent a recovery for fraud involving a transaction in land falsely represented as suitable for a named purpose when in fact the land is harmfully inappropriate for such purpose. El Paso Development Company v. Ravel, 339 S.W.2d 360 (Tex.Civ.App., El Paso, 1960, writ ref., n. r. e.); Maddox v. Worsham, 415 S.W.2d 222 (Tex.Civ.App., Amarillo, 1967, writ ref., n. r. e.).

In the El Paso Development Company case the land sold was represented to be suitable for construction of a large and expensive dwelling, when in fact the subsoil consisted of clay and fill making it unsuitable for that purpose, a fact the court found was known to the seller. In that case, as in the case before us, the fraud was not discovered until after the buyer had expended money in an attempt to use the land for the purpose for which it was falsely represented to be suitable.

■ The statute affords no remedy in such a situation, but under the common law a remedy was provided to include the difference between the value of the property bought and its purchase price and the pecuniary loss suffered otherwise as a consequence of the buyer's reliance upon the truth of the seller's representation.

The record shows that the valuation of the Miller property, including land and improvements, as ascertained by the City of Austin, acting for the school district as a taxing unit, was $1,299.90 less the year after Sneed placed his welding shop on the lot adjoining the Miller lot. The parties stipulated as to the figures used for such calculation.

The trial court found this reduction in value was directly traceable to erection of the welding shop "on the adjacent lot which was permitted because no residential restrictions had been placed upon said lots as had been represented" by Collins. The court found that the Millers had suffered actual damages of $1,250, and that because of the abuse of Collins' confidential relationship with the Millers and the willful nature of the misrepresentation, Collins should pay $750 exemplary damages.

Without further discussion, we conclude that the pleadings support the judgment, and the trial court did not use a wrong measure of damages.

■ By the eleventh point, appellant insists that the Millers' cause of action is barred by the four-year statute of limitation. Appellant concedes that the statute did not start to run until the fraud was discovered. The trial court found against appellant.

We consider the evidence sufficient to support this determination by the trial court. Mrs. Miller testified that when she examined the deed, delivered to her in January, 1962, and saw that it did not contain residential restrictions, she called Collins and he reassured her that all she needed was his word, which allayed her fears.

"At the time, we were still friends," Mrs. Miller testified, "and I didn't suspect too much, but I realize now what we should have done was to stop the check until we could have everything clear."

Asked when she first discovered that other than residences were going to be built on the property, Mrs. Miller replied, "When I saw something going up next door to me. That is when we really became aware that the deed and those papers didn't say anything really." She described the arrival of trucks and workmen on the Sneed lot in the summer of 1966, and when Mrs. Miller asked what they were building, " * * * one of the gentlemen said this was going to be a welding shop, and I couldn't believe my ears—a welding shop, and I was thinking this was a residential section."

The trial court found that the Millers " * * * discovered that the said subdivision was not restricted as to residences only when * * * Collins sold the adjoining lot to one * * * Sneed who constructed a welding shop thereon."

We hold that the trial court did not err in determining that the statute of limitation did not apply.

By point twelve, appellant contends that award of exemplary damages was improper because there was no evidence of malice or an intent to injure the Millers. We overrule the point.

 Collins knew he had placed no restrictions on the lots of the subdivision out of which he sold the Millers the lot for their homesite. Yet he told the Millers the lots were restricted to residences costing no less than $20,000. As part of the inducement to get the Millers to buy, Collins refused to sell them the lot he later sold Sneed, saying that he was saving that lot for himself so he could build his own home on it and live next door to the Millers, who believed Collins to be their trusted friend. It is unthinkable that Collins pursued this course without intending to injure the Millers. Exemplary damages are properly awarded when actual damage is suffered as a result of fraud intentionally committed for the purpose of injuring. Dennis v. Dial Finance and Thrift Company, 401 S.W.2d 803 (Tex.1966).

The Supreme Court stated in the Dennis case that, "A person who intentionally misrepresents facts for the purpose of injuring another is guilty of wanton and malicious conduct. The allowance of exemplary damages in cases of wilful and deliberate fraud does not, therefore, do violence to the rule * * *" that the act complained of must partake of a wanton and malicious nature. (As stated 401 S.W.2d 803, 805, col. 1, quoting 25 C.J.S. Damages § 123(5)).

The judgment of the trial court is in all things affirmed.

Affirmed.