Nellie M. JARRETT et vir, Appellants,

v.

GREAT SOUTHERN LIFE INSURANCE COMPANY, Appellee.

No. 7119.

Court of Civil Appeals of Texas.

Beaumont.

Dec. 31, 1969.

**362**

Brown & Harding, Lubbock, for appellants.

Vinson, Elkins, Searls & Connally, Houston, for appellee.

PARKER, Chief Justice.

Plaintiff, Great Southern Life Insurance Company, recovered judgment on its promissory note against the defendants, Nellie M. Jarrett and H. J. Jarrett, jointly and severally, in the total sum of $23,175.21, together with interest at the rate of ten per cent (10%) per annum from date of judgment. Defendants have appealed. The parties will be designated as in the trial court.

Defendants' sole point of error contends the trial court erred in failing and refusing to grant the defendants a jury trial, notwithstanding the fact that no jury fee has ever been tendered or paid. The judgment begins:

"BE IT REMEMBERED, that on the 5th day of May, 1961, this cause came on to be heard in its regular order and the parties appeared in person and through their respective attorneys of record and submitted the matters in controversy to the Court, * * *"

The statement of facts approved by attorney for defendants as well as plaintiff also stated:

"BE IT REMEMBERED that on the 5th day of May, A. D. 1969, the above entitled and numbered cause came for hearing before the Honorable John Snell, Jr., Judge of the District Court of Harris County, Texas, 152nd Judicial District; both plaintiff and defendants appearing in person and/or by Counsel, announced ready for trial; . . ."

No effort was made by defendants to obtain a jury trial, pay the jury fee or object to a trial before the court without a jury until after plaintiff had put on all its witnesses, defendants had cross-examined each such witness, plaintiff had rested its case and defendants had offered parts of a deposition. Defendants have made no attack on the justness of the judgment entered below.

█ Under this record defendants have wholly failed to discharge their burden of proving the trial court abused its discretion in refusing to grant a jury trial when defendants first made their objection and request therefor after plaintiff had made its case and defendants had put on evidence. Defendants failed to present any evidence that the granting of a jury trial at the time requested by them would not have disrupted or impeded the orderly and ordinary handling of the court's docket. Appellants' Point of Error is overruled. Rule 220, Texas Rules of Civil Procedure; Lebman v. Sullivan, 198 S.W.2d 280 (San Antonio, Tex.Civ.App., 1946, error ref. n. r. e.); Rice v. Waters, 290 S.W.2d 565 (Austin, Tex.Civ.App., 1956, error ref. n. r. e.); Green v. W. E. Grace Mfg. Co., 422 S.W.2d 723 (Tex.Sup. 1968). Defendants waived a jury trial under this record, Richardson v. Raby, 376 S.W.2d 422 (Tyler, Tex.Civ.App., 1964, no writ).

█ No suggestion has been made that the penalty provided for in Rule 438, T.R.C.P., be assessed in this cause and we do not do so sua sponte. Jackson v. Hexter, 372 S.W.2d 570 (Dallas, Tex.Civ.App., 1963, no writ).

Affirmed.