**Robert J. GALLAGHER, Appellant,**

v.

**Earl JOYCE et al., Appellees.**

**No. 562.**

Court of Civil Appeals of Texas,
Corpus Christi.

Oct. 8, 1970.

Rehearing Denied Nov. 5, 1970.

Schneider & Schneider, R. E. Schneider, George West, Clemens, Knight, Weiss & Spencer, San Antonio, for appellant.

Harry J. Schulz, Three Rivers, W. L. Hardwick, George West, for appellees.

OPINION

GREEN, Chief Justice.

This is a suit for damages for the death of plaintiffs' (appellees') child resulting from an automobile accident. The trial court denied defendant's (appellant's) request for a jury trial on the ground that there was neither a timely demand for a jury or deposit of a jury fee under Texas Rules of Civil Procedure, rule 216. Upon non-jury trial, the court, after hearing the evidence, rendered judgment for plaintiffs.

Appellant's sole point of error is: "The trial court erred in denying defendant's request for a jury trial."

The record shows the following as undisputed facts leading to the trial of this cause without a jury.

The case was filed in the 36th District Court, Live Oak County, on October 11, 1968, and answered by defendant October 29, 1968. It was passed when called on the docket on May 26, 1969. By letter dated October 15, 1969, defense counsel wrote Hon. Joe Wade, Judge of the 156th District Court, who had concurrent jurisdiction with the 36th over cases pending in the district courts of Live Oak County,[1] asking that this cause be set "for jury trial" at the January term beginning January 19, 1970. A copy of this letter was mailed to plaintiffs' attorney. On January 6, 1970, Hon. John H. Miller, judge of the 36th judicial district, advised counsel for all parties by letter that the case was set for trial on Monday, January 19, 1970. On the same date Judge Miller mailed to counsel for all parties a printed form setting a pre-trial hearing on Wednesday, January 14. Among other provisions, counsel were requested to have their special issues prepared. At the time of sending such notice

---

1. Vernon's Ann.Civ.St. art. 199, subd. 156, Secs. 5, 9; Collins v. Miller, Tex.Civ.App., 443 S.W. 2d 298, wr. ref. n. r. e.

a jury fee had not been paid as provided by Rule 216, supra, but Judge Miller was not aware of that.

On Monday, January 12, 1970, one of defendant's counsel delivered to the deputy district clerk of Live Oak County a check for $5.00 as the jury fee for this case, which check she accepted, and she issued her receipt therefor. Judge Miller had a standing order to the clerk that no jury panel should be summoned in his court except by his direction. The clerk, on getting in contact with Judge Miller after payment of the jury fee, was instructed by him not to have the jury summoned.

At the pre-trial hearing on Wednesday, January 14, defense counsel presented to the court their DEFENDANT'S MOTION TO GRANT JURY TRIAL, in which they alleged that the jury fee had been paid by them on January 12, that a jury list was and is available and could still be summoned and the cause tried with a jury on the 19th. It was further alleged that the failure to pay a jury fee until January 12, with only twelve days' notice of the trial setting, would not have prevented summoning a jury nor would it have delayed the trial. Defendant requested "his constitutional right to a jury trial." The court's order, dated January 14 but signed and entered on Monday, January 19, reflects that the motion was overruled, and no jury panel was ordered for the 19th.

When the case was called on the 19th, defense counsel told the court that he wished to put on testimony on his bill of exceptions in connection with the court's order on their motion with respect to a jury trial to show that the jury list was present and available and that a jury could have been summoned on the 12th or the 14th. The testimony of the deputy district clerk and the sheriff on the bill was that a jury list duly drawn by jury commissioners was available, and could have been summoned for the 19th if gotten to the sheriff by the 14th. The clerk testified that she did not deliver the list to the sheriff, because of the instructions given her by the judge. The evidence also disclosed that this was the only case set for trial on January 19, and the court in his order so stated.

The clerk further testified that on Monday, January 12, after receiving the instructions from Judge Miller, she called defense counsel who had paid the jury fee and told him that no jury was being summoned due to the judge's orders, and asked whether she should return the check to him. He instructed her not to mail it, but that he would pick it up later. She did not deposit the check at that time, but held it at counsel's direction until Thursday, January 15th, when other defense counsel directed her to deposit it, which she did on January 15.

After the evidence on the bill of exception was in, the court on January 19th signed and filed his order denying defendant's motion for jury trial, in which order he found that there was neither a timely demand for a jury or deposit of a jury fee under T.R.C.P. 216. To this order the defendant excepted. The defendant did not request a postponement of the trial until a jury panel could be secured, and made no motion for continuance, and the case proceeded to trial before the Court without a jury immediately after the court signed and filed his order.

Rule 216, T.R.C.P., reads as follows:

"No jury trial shall be had in any civil suit, unless application be made therefor and unless a fee of five dollars if in the district court, and three dollars if in the county court, be deposited by the applicant with the clerk to the use of the county on or before appearance day or, if thereafter, a reasonable time before the date set for trial of the cause on the non-jury docket, *but not less than ten days in advance.* The clerk shall promptly enter a notation of the payment of such fee upon the court's docket sheet." (Emphasis added.)

The right to trial by jury in civil cases is not an absolute right, but is subject to

the provisions of Texas Constitution, Art. 1, § 15, Vernon's Ann.St.[2] and regulated by Legislative enactments. Since the Legislature has delegated rule making power in civil matters to the Supreme Court, we look to these rules, and in the present instance to Rule 216, copied above, to determine the circumstances under which a party litigant in civil matters is entitled to trial by jury. Green v. W. E. Grace Manufacturing Company, Tex.Sup., 422 S.W.2d 723; Collins v. Miller, Tex.Civ.App., 443 S.W.2d 298, 300; Wooten v. Dallas Hunting & Fishing Club, Inc., Tex.Civ.App., 427 S.W.2d 344; Redden v. Hickey, Tex.Civ.App., 308 S.W.2d 225, wr. ref. n. r. e.

Although mandatory language is used in Rule 216 as to the necessity of making the demand for jury and paying the jury fee not less than ten days before the date set for trial, this provision of the rule and the statutes preceding the rule have been said, in a number of cases, to be directory only. Among these cases are Allen v. Plummer, 71 Tex. 546, 9 S.W. 672; Jerrell v. Jerrell, Tex.Civ.App., 409 S.W.2d 885, n. w. h. (in which the fee had been paid over ten days prior to setting date); Aronoff v. Texas Turnpike Authority, Tex.Civ.App., 299 S.W.2d 342, n. w. h., (appellee and appellant expected a jury trial; a jury panel had been summoned and were in court; appellee joined with appellant in requesting a postponement until jury trial could be had; the court's docket would not have been disrupted or seriously interfered with, hence, trial court was held to have abused its discretion in refusing jury when fee paid on day the case was called for trial); Watson v. Cloud, Tex.Civ.App., 225 S.W. 807, n. w. h. (jury panel present in court); Hemman v. Hemman, Tex.Civ.App., 251 S.W. 313 (a jury panel was available when the case was called for trial); Tilton v. Sharp, Tex.Civ.App., 52 S.W.2d 289, n. w. h. (jury panel was present in court); Lebman v. Sullivan, Tex.Civ.App., 198 S.W.2d 280, wr. ref. n. r. e., (denial of jury trial affirmed, where jury fee paid less than ten days prior to trial, there being no showing that granting of jury trial would not have resulted in (a) in interference with the orderly handling of the court's docket; (b) delayed the trial of the case, or (c) operated to the injury of the opposite party); and a number of others.

We adopt the following quotation from *Lebman*, supra:

"Since the matter of allowing a jury upon a late demand is discretionary with the trial judge, his action relative thereto is reversible error only when an abuse of discretion is shown.

The question above stated must therefore be answered in the affirmative. A reversible error is not disclosed by merely showing that the trial court refused a late request for a jury, and in so doing followed a rule promulgated by the Supreme Court for regulation of trials in the district courts. As we understand the authorities, it is necessary that the bill further show that the granting of the late request would not result in an interference with the orderly handling of the court's docket, delay the trial of the case, or operate to the injury of the opposite party."

A trial court abuses its discretion when it fails to apply the law to conceded or undisputed facts. Southland Life Ins. Co. v. Egan, Tex.Com.App., 126 Tex. 160, 86 S.W.2d 722, 723, op. adop. by Sup.Ct.; Alice National Bank v. Corpus Christi Bank & Trust, Tex.Civ.App., Corpus Christi, 431 S.W.2d 611, 622, aff'd Tex.Sup., 444 S.W.2d 632, 637.

The trial court did not abuse its discretion on Monday, January 19 in going to trial without a jury. There was no jury panel present in court, and the granting of a jury trial would have delayed the trial

2. The right of trial by jury shall remain inviolate. The Legislature shall pass such laws as may be needed to regulate the same, and to maintain its purity and sanctity.

and interfered with the orderly handling of the court's docket. The appellant did not request a postponement.

In our opinion, the court did not abuse its discretion in instructing the clerk, on Monday, January 12th, to refrain from having the jury summoned for the 19th. The judge knew that a pre-trial hearing in the case was set for Wednesday, for he had called such session. He further knew that summoning a jury for trial of one case, in which a postponement had been had at its only prior setting was an expensive proposition for a small county. If he should determine at the pre-trial hearing that the requirements of Rule 216 had been complied with, and that the parties intended going to trial on the 19th, there would still be time on the date of the pre-trial hearing for a jury panel to be summoned for the 19th.

In our opinion, if the trial court abused its discretion it was on Wednesday, January 14, when appellant's motion for a jury trial was presented to him, and when he failed to instruct that a jury panel be summoned. In studying the cases cited by appellant, and in our own search of the authorities, we have not found any Texas case holding abuse of discretion in the trial court's refusal to summon a jury where the request was not timely made under the applicable statutes or rules. We are not willing to stretch the liberal interpretation of Rule 216, requiring the payment of the jury fee to be made "not less than ten days in advance", to mean that where the payment is made seven days before trial, the court must have a jury summoned for the trial date. We find that there was no abuse of discretion, and no reversible error, in the court's failure to have a jury present when the case was called for trial on the 19th.

In addition, it is our opinion that on the date of the pre-trial hearing, there was no jury fee on deposit with the clerk to the use of the county. Rule 216. The clerk was not at liberty on the 12th to deposit this check to the use of the Live Oak County due to the instructions given her by appellant's attorney who had delivered the check to her that he would come by and pick it up. It was not until Thursday, January 15th, that the clerk was instructed to deposit such jury fee to the use of the county. The record does not show that there was sufficient time on January 15 to summon a jury to be present in court on the 19th.

We feel that under these circumstances there was no payment of the jury fee to the use of the county at the time appellant's motion was presented to the trial court at the pre-trial session.

Appellant's point of error is overruled.

Judgment affirmed.