Gilberto ALMAGUER, Appellant,

v.

Tommy JENKINS, Sr., Pauline Jenkins, and Tommy Jenkins, Jr., Appellees.

No. 13–93–158–CV.

Court of Appeals of Texas, Corpus Christi.

Aug. 11, 1994.

Paul Dodson, White, Huseman, Pletcher & Powers, Corpus Christi, for appellant.

William J. Tinning, Corpus Christi, for appellees.

Before SEERDEN, C.J., and KENNEDY and DORSEY, JJ.

## OPINION

KENNEDY, Justice.

Gilberto Almaguer appeals from a judgment favoring Tommy Jenkins, Sr. for injuries resulting from a car wreck. We reverse for the trial court's denial of a jury trial. We remand for a new trial.

Almaguer, while drunk, rear-ended the vehicle in which Jenkins and his family were sitting. Jenkins, his wife, and their child sued Almaguer and the Ford Motor Company. The plaintiffs' original petition stated, "A jury trial is hereby requested for which a jury fee is separately tendered." The plaintiffs included that phrase in their first, second, and third amended petitions. In November 1991, when the plaintiffs moved for a trial setting, they requested that the cause be set for jury trial. The court granted their motion on December 10, 1991 and set trial for August 10, 1992.

Ford noticed that the fee had not been paid, and itself paid the jury fee a week before trial was to start. All the claims then settled except for Jenkins's claims against Almaguer.

The court, noting that the jury fee was paid late, refused to hold a jury trial. The case proceeded to trial before the court. The court awarded Jenkins $150,000 in actual damages and $150,000 in punitive damages.

■ By his first point of error Almaguer complains that the court abused its discretion when it denied a trial by jury. The rule for requesting a jury trial provides as follows:

a. **Request.** No jury trial shall be had in any civil suit, unless a written request for a jury trial is filed with the clerk of the court a reasonable time before the date set for trial of the cause on the non-jury docket, but not less than thirty days in advance.

b. **Jury Fee.** Unless otherwise provided by law, a fee of ten dollars if in the district court and five dollars if in the county court must be deposited with the clerk of the court within the time for making a written request for a jury trial. The clerk shall promptly enter a notation of the payment of such fee upon the court's docket sheet.

TEX.R.CIV.P. 216. A jury request and fee payment inure to the benefit of all parties. *Finnell v. Byrne*, 7 S.W.2d 139, 140 (Tex.Civ. App.—San Antonio 1928, no writ). The requirement of fee payment is directory rather than mandatory, however. *Browning v. Holloway*, 620 S.W.2d 611, 617 (Tex.Civ.App.— Dallas), *writ ref'd n.r.e. per curiam*, 626 S.W.2d 485 (Tex.1981). The *Browning* court relied on an earlier opinion in which it had written that

a party may not be denied a jury trial though he may have been dilatory in paying the jury fee if (1) to grant a jury trial will not operate to injure the adverse party; and (2) to grant a jury trial will not disrupt the court's docket, or seriously interfere with and impede the ordinary handling of the court's business.

*Aronoff v. Texas Turnpike Authority*, 299 S.W.2d 342, 344 (Tex.Civ.App.—Dallas 1957, no writ). We adopted similar language from a different opinion. *Gallagher v. Joyce*, 459 S.W.2d 221, 223 (Tex.Civ.App.—Corpus Christi 1970, writ ref'd n.r.e.). We agreed that, to show that the court abused its discretion by denying a jury when the jury request was timely but the jury fee payment was untimely paid,

[i]t is necessary that the bill further show that the granting of the late request would not result in an interference with the orderly handling of the court's docket, delay the trial of the case, or operate to the injury of the opposite party.

*Id.* at 223 (*quoting Lebman v. Sullivan*, 198 S.W.2d 280, 281 (Tex.Civ.App.—San Antonio 1946, writ ref'd n.r.e.)).

We find the test quoted in *Gallagher* applies to this case. There were disputed issues of causation and damages for a factfinder to resolve. The plaintiffs timely requested a jury and represented that they had paid the jury fee, though they had not. The plaintiffs' request obviated the need for Almaguer to make a request. Ford paid the fee, albeit less than thirty days before trial. We find that this payment invokes the test even though Ford, rather than Almaguer, paid the fee; as with the jury request, the essential element is whether the fee was paid, not who paid it.

At a preliminary hearing on the day of trial, Jenkins announced that he was willing to try the case to the court. After Almaguer's attorney continued to insist the case was primed for a jury, Jenkins said, "We are ready either way, Judge."

At the outset of the trial later that day, after Jenkins again announced ready for trial, Almaguer's attorney announced not ready, in part because the court had indicated that the case was being removed from the jury docket. (Almaguer's absence was the other basis of unreadiness.) The court responded that the case never had been on the jury docket; this statement conflicts with the court's grant of the plaintiffs' motion for trial setting which requested a jury trial. Almaguer's attorney then placed the following exchange into the record:

MR. DODSON: And in discussion with the Court manager, she indicated to me earlier that a jury was available for trial this week.

THE COURT: Yes, there is no question. I impaneled the petit jury down there.

MR. DODSON: Right. And this was the case where the plaintiff indicated earlier after preliminary announcements that he was ready to proceed with jury and that with those understandings, then I would ask the Court to go ahead and take judicial notice of the plaintiff's original petition in this matter where it—and the representations there regarding the request for a jury. We'd ask that this case proceed to trial by jury.

THE COURT: Well, counsel, you didn't get on the docket timely, so the request will be denied.

Jenkins did not object or respond to these statements in any way. He states on appeal for the first time that he had a witness who was available only on the day of trial for whom the trial court stayed until 5:45 p.m. to hear testify. He contends that the court "obviously" would not have heard the witness that day had the parties also had to select a jury. We do not find it obvious from the record.

■ The trial court abused its discretion in refusing the jury trial. The plaintiffs repeatedly requested a jury, repeatedly represented that they had paid the jury fee, and announced at trial that they were ready to proceed with or without a jury. The fee was paid, though late. A jury was available. Jenkins's contention that his witness either could not have testified or would have been inconvenienced had the trial been before a jury is not present in the trial record before us, nor is there a showing that a jury trial would have injured Jenkins or inconvenienced or disrupted the court.[1] Jenkins's announcement of "ready either way" belies his appellate contention and shows that he would not have been injured by a jury trial. We find that Almaguer showed that neither the court nor Jenkins would have been inconvenienced or injured by a jury trial. We sustain point one.

Almaguer's remaining points of error challenge the factual sufficiency to support the court's damage awards findings and the correctness of the prejudgment interest award based on those damages. Because we have found that a jury should have made the underlying factfindings, we need not address those points.

We reverse and remand for a new trial.

---

1. The only part of the record supporting their position is this statement by the plaintiffs' attorney at the outset of his questioning of the witness, "Doctor, I'll try and be as brief as possible so that we can conclude your testimony and return you to Corpus Christi today." This statement does not show that the witness could not have testified that day or the next, nor that Jenkins or the court would have been inconvenienced by jury selection.