

In The
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-12-00045-CV
_____

TOMMY PEELER, Appellant

V.

DON BRAZIEL, AND MARY CASTLEBERRY, TRUSTEE,
THE CASTLEBERRY FAMILY TRUST, Appellees

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 2006-659-B

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Tommy Peeler, Don Braziel, and Mary Castleberry, as Trustee for the Castleberry Family Trust, owned undivided interests in approximately 782.5 acres of land situated in Gregg County along the Sabine River—Peeler a three-quarters undivided interest and Braziel and Castleberry, Trustee, the other one-quarter. Peeler sued Braziel and Castleberry to partition the property. The parties agreed, at least in principle, to partition the property in kind using boundary lines that "effectively partition[ed] the property into two separate tracts"—allocating the acreage roughly in their respective ownership proportions, with a small portion set apart for access to both tracts. Because he wanted a title policy on his resulting interest, Peeler did not sign a partition deed presented to him. As a result, a nonjury trial date was set.[1] The day before that trial, Peeler's attorney was allowed to withdraw, and Peeler was told to find an attorney and report the next day for a nonjury trial.[2] On the day of trial, Peeler, acting pro se, orally requested, but was denied, a

---

[1] At an October 6, 2011, status hearing, this case was set for a nonjury trial to be held February 8, 2012.

[2] On February 7, 2012, the trial court heard Peeler's counsel's motion to withdraw from the case. The following account from Braziel and Castleberry's attorney was given:

> Your Honor, by way of history, the parties and Counsel had a meeting in my office in July. We've been . . . discussing how to divide up this property for more than two years. In July 2011, we reached an agreement. The agreement was conveyed to a surveyor who did a metes and bounds survey. With that metes and bounds survey, in October, I prepared partition deeds. My clients have signed their partition deed. Mr. Peeler had not signed, refuses to sign his partition deed.

Despite being reminded that trial was to take place the following day, Peeler informed the court that he wanted the withdrawal motion granted. The court granted the motion, instructing Peeler, "Be here tomorrow. Be ready for trial. Go find yourself an attorney."

jury trial.[3]  From a judgment for partition of the land as set out above, Peeler appeals on the basis that he was wrongly denied his right to a jury trial.  We affirm, because Peeler was not entitled to a jury trial.

---

[3]On February 8, 2012, the day of trial, Peeler appeared pro se and made an oral motion for a jury trial in the following exchange:

> MR. PEELER:  Your Honor, I've already paid—the $30 jury trial fee has been paid, and I'm requesting a jury trial.
>
> THE COURT:  When did you pay that?
>
> MR. PEELER:  It was paid in 2006.  I tried to pay it down there, and they said it's already been paid.  Several clerks looked at it and called the judge and—and I was instructed to just tell you that.
>
> THE COURT:  What judge did they call?
>
> MR. PEELER:  I don't know.
>
> . . . .
>
> MR. PATTERSON:  I think the record will reflect that back in 2006, Joe Young, who at the time represented the defendant Mike Rogers, paid the jury fee.  Mike Rogers has not been a defendant in this case for almost two years . . . . Plaintiff has not filed, in either his Third Amended Petition or any other pleading filed in this case, a request for jury trial.

A demand for trial by jury can be waived by contractual agreement.  *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 129–33 (Tex. 2004) (orig. proceeding).  Noting that a notice of nonjury setting was sent after "the parties agreed to have a non-jury trial on this" and that Peeler "understood yesterday this case was set for a non-jury trial," the court denied the request for a jury trial.  In the following, the court clarified the reason for denying a jury trial:

> Let the Court note for the record that at the December status docket, the parties agreed to set this for a non-jury trial.  Further, the jury fee was paid by Defendant Rogers.  Defendant Rogers' case was, on June 10th, 2008, severed out of this cause into a separate cause.  Further, then the Rogers case was dismissed in December–or March 2010.  Therefore, there was no effective jury fee on file that anybody could rely on in this particular case.
>
> But, again, the Court relies mainly on the parties' agreement of a non-jury trial.  By defendant demanding a jury trial today, this is a non-jury week, no jury was available for trial today.  This case was properly set for a non-jury trial.  Defendant made no mention of wanting a jury trial yesterday when he was informed that he would have to be ready for trial.  Therefore jury -- request for jury trial was properly denied because that would have delayed the case once again.  The Court's judgment stands.

A trial court's denial of a jury demand is reviewed for an abuse of discretion. *In re M.T.C.*, 299 S.W.3d 474, 477–78 (Tex. App.—Texarkana 2009, no pet.) (citing *Mercedes-Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 666 (Tex. 1996); *In re T.H.*, 131 S.W.3d 598, 601 (Tex. App.—Texarkana 2004, pet. denied)). An abuse of discretion occurs "only when the trial court's decision is arbitrary, unreasonable, and without reference to guiding principles." *Id.* at 478.

"The right of trial by jury shall remain inviolate." Tex. Const. art. I, § 15. "This inviolate right to a jury trial is not absolute, but rather is regulated by rules specifying its availability." *Collins v. Cleme Manor Apartments*, 37 S.W.3d 527, 529 (Tex. App.—Texarkana 2001, no pet.). For a civil litigant to be entitled to a jury trial, a written request for a jury must be filed a reasonable time before trial, but not less than thirty days in advance. Tex. R. Civ. P. 216.

A "jury request and a jury fee payment by one party inures to the benefit of all other parties to the suit, even if the requesting party is absent at trial." *Monroe v. Alternatives in Motion*, 234 S.W.3d 56, 69 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (citing *Gen. Motors Corp. v. Gayle*, 924 S.W.2d 222, 225 n.1 (Tex. App.—Houston [14th Dist.] 1996, orig. proceeding), *leave granted*, *mand. denied*, 940 S.W.2d 598 (Tex. 1997); *Roberts v. Mullen*, 417 S.W.2d 74, 77 (Tex. App.—Dallas 1967), *aff'd*, 423 S.W.2d 576, 579 (Tex. 1968)); *see White Motor Co. v. Loden*, 373 S.W.2d 863, 865 (Tex. App.—Dallas 1963, no writ); *see also Almaquer v. Jenkins*, 882 S.W.2d 903 (Tex. App.—Corpus Christi 1994, no writ) (jury fee paid by settling party would inure to benefit of plaintiff where plaintiff demanded jury in pleading).

Peeler did not pay a jury fee. He relies on the jury fee paid by a former party to the lawsuit. Peeler's interest in the property "arose as a result of a Sheriff's Deed following a

4

Judgment obtained against" Michael S. Rogers. Rogers and his wife, Audrey, were initially named as defendants in the lawsuit, and Rogers had asserted counterclaims seeking to declare the judgment lien invalid and the sheriff's sale and deed void. A jury fee was paid by Rogers. The trial court, however, granted partial summary judgment in favor of Peeler and severed Peeler and Rogers' "declaratory judgment actions pertaining to the abstract of judgment from the other causes of action." A "new file and cause number for the severed actions" was created, leaving only the partition suit by Peeler against Braziel and Castleberry. We conclude that, under these facts, the jury fee does not benefit Peeler.

Even if the jury fee paid by Rogers were to benefit Peeler, the record does not reflect that a written jury demand was ever made. A deposit of a jury fee does not, in itself, constitute a demand for a jury. *Walker v. Walker*, 619 S.W.2d 196, 198 (Tex. Civ. App.—Tyler 1981, writ ref'd n.r.e.); *see* TEX. R. CIV. P. 216.

Because no jury fee benefitted Peeler and there was no written demand[4] for trial by jury—much less a timely one—we cannot conclude that the trial court abused its discretion in failing to grant Peeler's untimely oral demand.[5]

---

[4]Braziel and Castleberry point out that had a request for a jury trial been made in advance of the thirty-day deadline, they would have been entitled to rebut the presumption of timeliness by showing that the granting of a jury trial would operate to injure them, disrupt the court's docket, or impede the handling of the court's business. *Halsell v. Dehoyos*, 810 S.W.2d 371, 371 (Tex. 1991); *Sims v. Fitzpatrick*, 288 S.W.3d 93, 102 (Tex. App.—Houston [1st Dist.] 2009, no pet.). Here, the only remaining parties to the suit had reached an agreement to partition the property in kind. After several years of discussion, they were also in agreement as to the metes and bounds descriptions of the resulting divisions following partition. The trial court had conducted three status hearings before trial, and the matter had been placed on the nonjury docket by agreement several months before trial. Peeler was aware of the date of the bench trial, but waited to make his first request for jury trial on that day. He appeared pro se, did not present evidence aside from his testimony, told the court that he did not "know what this is about," and related that his sole concern was with "moving forward on the closing of the property," and getting a "quit claim deed on

5

We affirm the trial court's judgment.


Josh R. Morriss, III
Chief Justice

Date Submitted:    August 13, 2012
Date Decided:     August 16, 2012

---

property without a title policy." Noting that no jury was available for the week of February 8, 2012, the trial court found that granting a jury trial "would have delayed the case once again."

[5]Furthermore, the denial of a trial by jury is harmless error where the record reflects that no material issues of fact exist and an instructed verdict would have been justified. *Halsell*, 810 S.W.2d at 372; *see Caldwell v. Barnes*, 154 S.W.3d 93, 98 (Tex. 2004) ("The wrongful denial of a jury trial is harmful when the case contains a question of material fact."). The issues bearing on the partition suit were uncontested at trial. On appeal, Peeler does not complain that the trial court erred in its judgment of partition.

6